UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA : **SEALED INDICTMENT**

    - v. - : 19 Cr.

AMIT AGARWAL, :

                     Defendant.

                                   19 CRIM 838

- - - - - - - - - - - - - - - - - - - - - X

**COUNT ONE**

(Money Laundering)

The Grand Jury charges:

**Agarwal's Trade-Based Money Laundering Scheme**

    1. At all times relevant to this Indictment, AMIT AGARWAL, the defendant, was the Chief Executive Officer of a consumer electronics products business based in East Hanover, New Jersey (the "Agarwal Electronics Business"). Among other things, the Agarwal Electronics Business exported consumer electronics to purchasers throughout the world, including purchasers located in Colombia. In connection with its business activities, the Agarwal Electronics Business maintained a bank account in the United States, controlled and operated by AGARWAL (the "Agarwal Bank Account").

    2. From at least in or about June 2018 through in or about 2019, AMIT AGARWAL, the defendant, participated in a

scheme to launder United States currency, which AGARWAL understood to be the proceeds of narcotics distribution, from locations throughout the United States to recipients in, among other places, Colombia. Among other things, the purpose of the scheme was to enable clients with cash located in the United States to transfer the value of that cash to other countries, principally Colombia, without the need for physically transporting United States currency across an international border or directly depositing large amounts of cash into the legitimate financial system. In effect, AGARWAL, using the cover of the Agarwal Electronics Business, sought to repatriate what he understood to be narcotics proceeds to South America while avoiding the risk associated with having large quantities of cash detected at international borders, and avoiding the currency reporting requirements imposed by United States laws.

3.  To effectuate the scheme, clients utilized the services of money brokers operating primarily in Colombia (the "Money Brokers"). The Money Brokers offered "contracts" typically requiring (a) the pick-up of United States currency from couriers throughout the United States and the receipt of international wires in the United States, and (b) the delivery of a corresponding amount of pesos in Colombia to the Money

2

Brokers. In exchange for successfully delivering on a contract, the Money Brokers earned a commission, taken from the pesos received by him or her in Colombia. The person(s) with whom the Money Brokers contracted to arrange for the pick-up and receipt of United States currency also received a commission taken from the pesos received by the Money Brokers in Colombia. Although the payment of commissions from the funds collected pursuant to a contract meant that the "clients," *i.e.*, the owner of the funds in the United States, did not receive the full value of their funds, this scheme enabled the clients to avoid the risks of having large quantities of cash detected at international borders and to avoid triggering financial reporting requirements.

4.   As part of the scheme, pursuant to contracts offered by the Money Brokers, AMIT AGARWAL, the defendant, agreed to accept certain funds into the Agarwal Bank Account that had been collected throughout the United States and deposited into a separate bank account ("Bank Account-1"). AGARWAL also agreed to accept funds into the Agarwal Bank Account that had been wired to Bank Account-1 from foreign locations, including Mexico.

5.   Upon receiving confirmation that funds collected

3

pursuant to a Money Broker contract were available for deposit into the Agarwal Bank Account, AMIT AGARWAL, the defendant, arranged for the export of a roughly equivalent value of consumer electronics products to certain consumer electronic product suppliers located in Colombia (the "Colombian Electronics Suppliers"). Upon request by a Colombian Electronics Supplier, AGARWAL agreed to use a code name on Agarwal Electronics Business invoices to refer to the Colombian Electronics Supplier, thereby ensuring that the recipients would understand that a particular shipment represented the value of a corresponding Money Broker contract executed by AGARWAL. The Colombian Electronics Suppliers, in turn, arranged to pay for the products by delivering pesos to an individual in Colombia, who then delivered those funds to the Money Brokers. In this way, funds collected in the United States were able to be remitted in Colombia, without requiring that they be reported, declared, or smuggled over an international border.

6. During the execution of the scheme by AMIT AGARWAL, the defendant, federal law enforcement agents working in an undercover capacity, and persons operating at the direction of federal law enforcement agents, informed AMIT AGARWAL, the defendant, that the funds he agreed to receive in

4

the Agarwal Bank Account from Bank Account-1, pursuant to the scheme, represented the proceeds of narcotics trafficking activity (collectively, the "Proceeds"). AGARWAL, however, continued to accept Proceeds into the Agarwal Bank Account while facilitating the Money Broker contracts described above.

## Statutory Allegations

7.   From at least in or about June 2018, through in or about 2019, in the Southern District of New York and elsewhere, AMIT AGARWAL, the defendant, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, to wit, narcotics distribution, in violation of Title 21, United States Code, Section 841, conducted and attempted to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, to wit, the proceeds of narcotics distribution, in violation of Title 21, United States Code, Section 841.

(Title 18, United States Code, Section 1956(a)(3)(B) and 2.)

## FORFEITURE ALLEGATION

8.   As a result of committing the offense alleged in Count One of this Indictment, AMIT AGARWAL, the defendant, shall forfeit to the United States, pursuant to Title 18, United

States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense, and the following specific property: any and all funds on deposit at Citizens Bank in Account Number ending in 9354, held in the name of Best Electronics USA LLC, and any and all funds traceable thereto, including accrued interest.

### Substitute Assets Provision

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property

6

of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

| UNITED STATES DISTRICT COURT |
| SOUTHERN DISTRICT OF NEW YORK |

UNITED STATES OF AMERICA

- v. -

AMIT AGARWAL,

Defendant.

**INDICTMENT**

19 Cr.

(18 U.S.C. §§ 1956 & 2)

GEOFFREY S. BERMAN
United States Attorney.

**A TRUE BILL**

_____     Foreperson.

Sealed indictment Filed.
/ arrest warrant.
Hon. Sarah Netburn, USMJ.
/s/ 11/19/19.